UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                  :
OLLIE HOWARD,                                     :
                                                  :
                              Plaintiff,          :
                                                  :        04 Civ. 3737 (GEL)
              -v-                                 :
                                                  :        **OPINION AND ORDER**
JO ANNE B. BARNHART,                              :
Commissioner of Social Security,                  :
                                                  :
                              Defendant.          :
---------------------------------------------------------------x

Ollie Howard, *pro se*.

John E. Gura, Jr., Assistant United States
Attorney, Southern District of New York (David
N. Kelly, United States Attorney, on the brief),
New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

Plaintiff Ollie Howard ("Howard") brings this action for review of the final decision of

the Commissioner of Social Security ("the Commissioner") that plaintiff was not entitled to

receive retroactive disability insurance benefits for more than one year prior to filing her

application for benefits. The Commissioner moves for summary judgment, or in the alternative,

to dismiss.[1] For the reasons discussed below, the Commissioner's motion will be granted.

## BACKGROUND

Howard filed an application for Social Security Disability Insurance ("SSDI") benefits on

April 5, 2002, alleging that she became disabled on April 29, 1997, due to a herniated disc in the

---

[1] Plaintiff has not filed any opposition papers to the Commissioner's motion. However, because plaintiff is pro se, the Court will construe plaintiff's complaint liberally. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

neck and bulging disc in the back which affected her left hand.  (Timlin Decl. ¶ 3(a); Ex. 1.)

Howard's application was initially denied (id.), and she then requested a hearing before an

administrative law judge ("ALJ").  A hearing was not held, however, because ALJ Walter J.

Brudzinksi determined that there was sufficient evidence on the record to make a determination.

On October 25, 2002, the ALJ issued a fully favorable decision finding that plaintiff was

disabled.  Id.  While the ALJ found that plaintiff was disabled as of April 29, 1997, she was

awarded retroactive benefits back to only one year before her application date, that is, to

approximately April 5, 2001.  (Timlin Decl. ¶ 3(a).)

On January 13, 2003, Howard asked the Appeals Council to review the ALJ's decision

because she disagreed with the limited retroactive benefits.  (Timlin Decl. ¶ 3(a); Ex. 2.)  The

Appeals Council denied Howard's request for review on March 6, 2004 (Timlin Decl. Ex. 3),

and Howard filed this action.

## DISCUSSION

I.    Standard of Judicial Review

In reviewing the decision of the Commissioner, a district court may "enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

42 U.S.C. § 405(g).  It is not the district court's "function to determine de novo whether [a

claimant] is disabled."  Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation

marks and emphasis omitted).  A district court may "set aside the ALJ's decision only where it is

based upon legal error or is not supported by substantial evidence."  Balsamo v. Chater, 142 F.3d

75, 79 (2d Cir. 1998).  See also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").
Furthermore, "it is up to the agency, and not [the district court] to weigh the conflicting evidence in the record."  Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

II.    Retroactive Benefits

A claimant found to have been disabled can be entitled to retroactive disability insurance benefits.  Ornellas v. Chater, No. 94 Civ. 4871 (LMM), 1996 WL 539852, at *6 n.2 (S.D.N.Y.. Sept. 23, 1996).  "[T]here is normally a period of time during which the applicant is awaiting a determination . . . regarding eligibility.  Once the [applicant receives] . . . an affirmative determination of eligibility, the applicant is entitled to an award of [SSDI] and SSI benefits retroactive to the date of the initial application."  White v. Bowen, 835 F.2d 974, 976 (2d Cir. 1987).  The Social Security Act provides, however, that the payment of retroactive benefits are limited to the following:

> An individual who would have been entitled to a disability
> insurance benefit for any month had he filed [an] application . . .
> before the end of such month shall be entitled to such benefit . . . if
> such application is filed before the end of the 12th month
> immediately succeeding such month.

42 U.S.C. § 423(b).  Therefore, the earliest date on which a claimant can be entitled to disability insurance benefits is one year prior to the date of her application.  Id.; Ornellas, 1996 WL 539852, at *6 n.2.  See also Carter v. Schweiker, 649 F.2d 937, 941-42 (2d Cir. 1981) ("[Plaintiff] filed her application for benefits in January 1979, and thus would have been entitled to benefits for any of the twelve months preceding January 1979 in which she was disabled and met the other statutory requirements."); Waldbillig v. Chater, No. 95-CV-1851 (RSP/DRH), 1997 WL 3252, at *3 n.5 (N.D.N.Y. Jan. 3, 1997) ("[T]he Act provides that benefits may be

commenced for only up to twelve months prior to the date of the application for benefits.").

In the case here, Howard was found to be disabled as of April 29, 1997, almost five years prior to the date she filed her applications. Because the onset of her disability was found to be long before the twelve months provided for in the Social Security Act, she was entitled to the full range of retroactive benefits permitted by law. Such retroactive benefits, however, are limited to the twelve-month period established by the statute. This decision is consistent with other Social Security disability insurance cases. See, e.g., Owens v. Apfel, No. 98 Civ. 4379 (LMM), 2004 WL 2725083, at *2 n.7 ("[T]he Commission awarded payment extending back to June 1990, twelve months before his 1993 application was filed – the maximum retroactive award available under the regulations for his 1991 claim.").

Howard argues that she was delayed in filing her application due to the length of time it took the worker's compensation board to collect information and render a decision on her claim. (See Timlin Decl. Ex. 2.) Courts, however, have declined to find equitable exceptions to the statutory limit on retroactive benefits. In cases involving Social Security benefits, the Supreme Court has found that filing an application for benefits is a prerequisite to recovering Social Security benefits, explaining that "Congress expressly provided . . . that only one who 'has filed application' for benefits may receive them, and it delegated to petitioner the task of providing by regulation the requisite manner of application." Schweiker v. Hansen, 450 U.S. 786, 790 (1981). Moreover, Congress has provided for additional retroactive remedies in certain situations, such as when a claimant for survivorship insurance benefits failed to apply for benefits due to misinformation provided by an employee of the Social Security Administration. 42 U.S.C. § 402(j)(5); 20 C.F.R. § 404.633. See Grubart v. Chater, 104 F.3d 353 (Table), 1996 WL 685767,

at *1 (2d Cir. Nov. 29, 1996) (unpublished disposition) ("When a claimant failed to apply for benefits because she was misinformed by an employee of the SSA, the claimant may be deemed to have applied for benefits on the later of the date on which the misinformation was provided or the date on which the individual met all of the requirements for entitlement to the benefits."). Thus, if Congress had intended to provide for statutory exceptions such as the one raised by Howard, it could have. As "it is within Congress' power to so limit the payment of retroactive benefits," Mitchell, 496 F. Supp. at 232, a "court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits." Schweiker v. Hansen, 450 U.S. at 790.

The lower courts have followed this principle, denying benefits beyond the retroactive limit provided for in the Social Security Act, even if claimants would have been entitled to further benefits had they filed the application earlier. This result is the same, even under circumstances that might justify an equitable adjustment, such as inability to apply due to a physical disability, see Sweeney v. Sec'y of Health, Educ. & Welfare, 379 F. Supp. 1098, 1099-1100 (E.D.N.Y. 1974), or fault of another, see Carpenter v. Barnhart, No. CV 02-828 (DRH WDW), 2003 WL 22071574, at *3-*4 (E.D.N.Y. Aug. 29, 2003) (refusing retroactive benefits for a child, whose parent had failed to indicate in his own application that he had children who could be entitled to benefits).[2] See also Yeiter v. Sec'y of Health & Human Serv., 818 F.2d 8, 9-10 (6th Cir. 1987) (finding that Congress unambiguously provided that retroactive benefits were

---

[2] Carpenter involves a slightly different area of disability benefits, which entitles children under eighteen to disability insurance benefits if a parent is entitled to disability insurance benefits. See 42 U.S.C. 402(d)(1). Nevertheless, the legal principles are the same, and research has revealed no cases awarding retroactive benefits beyond that provided by statute, with regard to any type of Social Security disability benefits.

limited to twelve months, even where claimant was mentally and functionally incapacitated and unable to file her application at the onset of disability, and finding no violation of due process or equal protection); Tusson v. Bowen, 675 F. Supp. 1032, 1034 (E.D. La. 1987) (holding that retroactive benefits were limited to twelve months, even though plaintiff's severe mental problems prevented him from filing his application when his disability began); Mitchell v. Harris, 496 F. Supp. 230, 232-33 (D.N.J. 1980) (upholding limit on retroactive benefits where plaintiff alleged that she had been ignorant of the availability of disability benefits). While the rule denies benefits to applicants during periods in which they were in fact disabled, the plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the claimant's application date. Therefore, the ALJ's decision was based on substantial evidence, and legally correct, and plaintiff's claim will be dismissed.

## CONCLUSION

Defendant's motion for summary judgment affirming the Commissioner's decision is granted.


SO ORDERED.

Dated: New York, New York
       February 7, 2006

GERARD E. LYNCH
United States District Judge

limited to twelve months, even where claimant was mentally and functionally incapacitated and unable to file her application at the onset of disability, and finding no violation of due process or equal protection); Tusson v. Bowen, 675 F. Supp. 1032, 1034 (E.D. La. 1987) (holding that retroactive benefits were limited to twelve months, even though plaintiff's severe mental problems prevented him from filing his application when his disability began); Mitchell v. Harris, 496 F. Supp. 230, 232-33 (D.N.J. 1980) (upholding limit on retroactive benefits where plaintiff alleged that she had been ignorant of the availability of disability benefits). While the rule denies benefits to applicants during periods in which they were in fact disabled, the plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the claimant's application date. Therefore, the ALJ's decision was based on substantial evidence, and legally correct, and plaintiff's claim will be dismissed.

## CONCLUSION

Defendant's motion for summary judgment affirming the Commissioner's decision is granted.


SO ORDERED.

Dated: New York, New York
February 7, 2006

_Gerard E. Lynch_
GERARD E. LYNCH
United States District Judge

6